MEAD, PLAINTIFF AND APPELLEE, *v.* DAPENA ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action Concerning Priority of Attachment.

No. 2843.—Decided July 28, 1923.

ATTACHMENT—PERSONAL PROPERTY—POSSESSION—PRIORITY OF ATTACHMENT.—If the custodian of attached personal property and the officer of the court allow the property to leave their possession by virtue of a subsequent attachment, the priority of the first attachment becomes extinguished.

ID.—ID.—ID.—CUSTODIA LEGIS.—The custodian of attached personal property may refuse to surrender the property when it is attached by a third person, on the ground that the property is *in custodia legis.*

The facts are stated in the opinion.

*Mr. R. Dapena Pacheco* for the appellants.

*Mr. T. Castillo* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is an appeal from a judgment sustaining a complaint praying for a judgment to the effect that an attachment

levied by the plaintiff had preference over another attachment previously levied by the defendant.

From the pleadings and the evidence it appears that in an action brought by Rafael Dapena against Eduardo Torres Pacheco an attachment was granted against the defendant and the court appointed plaintiff Dapena custodian of such personal property as might be attached; that on August 30, 1921, the marshal attached certain real property and cattle and at the instance of the plaintiff, and under his responsibility, left the attached cattle in the possession of the defendant; that in an action brought later by Charles H. Mead against the said Torres an attachment was also granted and was levied on September 29, 1921, on the same property that had been attached by Dapena and the cattle were delivered to Francisco Lugo as custodian for the plaintiff, as appears from the return of the marshal who certified that there was no opposition and that no violent means were used to compel delivery of the cattle; that on the day following the levy of this attachment the marshal authorized Lugo in writing to demand delivery by defendant Torres of the attached property, informing him that if Torres attempted to conceal the property he could ask the police for assistance; that Lugo took possession of the said cattle and no act of violence or intimidation has been shown; that after the present action was brought Dapena moved the court on January 27, 1922, to restore to him the possession of the personal property that Lugo had taken as custodian for Mead, alleging that he had delivered it because of the threat contained in the marshal's letter.

The question in this case is settled by our holdings in the case of *Oronoz & Co.* v. *Alvarez,* 23 P. R. R. 497, that in order to preserve an attachment the officer levying it must retain his control and power of taking immediate possession of the goods, and if he fail to do this, the attachment will be regarded as abandoned; that if the custodian of at-

tached goods, and through him the marshal of the court, permit the goods to leave his possession and be taken in satisfaction of a second attachment and sold, the lien originally acquired is lost by the surrender of the control of such goods, and that when goods already attached are levied on by a third person, the custodian should refuse to deliver them on the ground that they are already in the custody of the law, and if taken forcibly, the custodian should prosecute his remedy before the court in order to avoid the loss of the lien.

In this case the property left with Torres under the responsibility of Dapena as custodian was taken by Mead's custodian without any violence, for we can not consider as such the fact that the marshal informed the custodian that in case Torres should conceal the property he should ask for the assistance of the police, since the intervention of the police can not be considered as an act of violence and we can not suppose that the police would act violently and against the law. Therefore, there was no protest because the claim of Dapena was made after the bringing of this action. Dapena, and through him the marshal of the court, allowed the attached property to leave their possession and thus the preference originally acquired was lost. The theory of the attachment of personal property is that the preference becomes extinguished upon the loss of control by the officer of the court, and when the other custodian presented himself Torres, as the representative of Dapena, should have refused to deliver the property on the ground that it was already in the custody of the law. The cases of *Garcia* v. *Humacao Fruit Company*, 23 P. R. R. 230, and *Successors of Luiña Brothers* v. *Miguel*, 28 P. R. R. 875, cited by the appellee in his motion to be restored in the possession of the property, are not applicable to the present case.

For the foregoing reasons the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.